IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NADINE A. VASQUEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 13 C 6222 |
| v. ) | |
| ) | Magistrate Judge Mason |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

Michael T. Mason, United States Magistrate Judge:

Plaintiff Nadine A. Vasquez's motion for attorneys fees under the Equal Access to Justice Act [38] is granted in part. For the reasons set forth below, the Court awards $13,194.42 in fees and costs.

**I. Procedural History and Legal Standard**

On August 20, 2013, plaintiff Nadine Vazquez ("plaintiff" or "Vazquez") filed this action challenging the May 10, 2012 decision of an Administrative Law Judge denying her claim for disability benefits. On September 23, 2015, this Court remanded the case to the Social Security Administration for further proceedings [37]. The Court found that the ALJ's residual functional capacity analysis and his credibility analysis were not supported by substantial evidence in the record. (*Id.*) We also found that the ALJ failed to sufficiently analyze claimant's daily activities, her mental impairments and her obesity. (*Id.*)

1

Plaintiff now seeks to recover her attorney's fees and costs in the amount of $17,371.58,[1] pursuant to the Equal Access to Justice Reform Act ("EAJA"), 28 U.S.C. § 2412(d). Under the EAJA, a party who prevails against the United States in a civil action is entitled to an award of reasonable attorney's fees and other expenses accrued in the process of the litigation. *Trump v. Colvin,* No. 12 C 6194, 2015 WL 970111, at *1 (N.D. Ill. Mar. 2, 2015). A plaintiff is eligible to recover attorney's fees if: (1) he is the prevailing party; (2) the government position was not substantially justified; (3) no special circumstances make an award unjust; and (4) he filed a timely and complete fee application. 28 U.S.C. § 2412(d)(1)(A).

Plaintiff argues that she is entitled to fees and costs because the Commissioner's position was not substantially justified. She also argues that she is entitled to recover attorney's fees above the statutory rate of $125 per hour because of an increase in the cost of living. The Commissioner does not dispute that its position was not substantially justified; instead, the Commissioner argues that plaintiff's proposed hourly rate is too high and that the number of attorney hours spent on plaintiff's case is excessive. The Commissioner, therefore, requests that plaintiff's fee award be substantially lower than what she is requesting.

**II. Analysis**

**A. Hourly Rate**

Pursuant to the EAJA, an award of attorney's fees "shall be based upon the prevailing market rates for the kind and quality of services furnished, except

---

[1] In her opening brief, plaintiff requested fees in the amount of $16,537.43. This amount was based on the inflation-adjusted rate, calculated using the national Consumer Price Index for the month of July, 2013. In her reply brief, plaintiff revised this figure, acknowledging that it was more appropriate to calculate the fee amount on a month by month basis, rather than using the CPI rate for only one month.

that...attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living...justifies a higher fee." 28 U.S.C. § 2412(d)(1)(A)(ii).  The EAJA compensation arrangement was last modified in 1996, when Congress set the current $125 maximum hourly rate.  The Seventh Circuit has determined that "given the passage of time since the establishment of the [$125] hourly rate, a cost-of-living adjustment is warranted."  *Trump*, 2015 WL 970111, at *2 (citing *Tchemkow v. Mukasey*, 517 F.3d 506, 512 (7th Cir. 2008)).

Recently, the Seventh Circuit also clarified the appropriate means for calculating the cost-of-living adjustment for EAJA petitions.  In *Sprinkle v. Colvin,* 777 F.3d 421 (7th Cir. 2015), the Court determined that the Consumer Price Index ("CPI") is sufficient "proof of an increase in the cost of living" and the court "should generally award the inflation- adjusted rate according to the CPI, using the date on which the legal services were performed."  *Trump*, 2015 WL 970111, at *2 (citing *Sprinkle*, 777 F.3d at 423). The *Sprinkle* decision does not necessarily create an automatic entitlement to a fee enhancement.  Instead, in order to justify a higher rate, "claimants must still produce satisfactory evidence that the rate they request is in line with those prevailing in the community for similar services by lawyers of comparable skill and experience." *Sprinkle,* 777 F.3d at 428.  Moreover, "courts may not award claimants inflation-adjusted rates that are higher than prevailing market rates."  *Trump,* 2015 WL 970111, at *3; *see also Sprinkle*, 777 F.3d at 429 ("to avoid the possibility of a 'windfall,' courts may not award an inflation-adjusted rate that is higher than the prevailing market rate in the community for comparable legal services").

3

Here, plaintiff seeks to recover fees based on an hourly rate of $191.30. This amount was based on the national CPI, rather than the regional CPI. Plaintiff argues that the national measure yields a slightly higher result and that this is the more appropriate index to use because it is more in line with the prevailing market rates, which are established in the affidavits plaintiff has attached to her motion. The Commissioner argues that the regional CPI is a more appropriate measure of the inflation-adjusted rate in this case because it is specific to attorneys in the Chicago region.

In *Sprinkle,* the Seventh Circuit left it to the court's discretion whether to use the national or the regional CPI rate when calculating the inflation-adjusted hourly rate. 777 F.3d at n.2. ("We ...leave to the discretion of the district courts whether to adopt the national or regional index in specific cases."). In the few published decisions in this Circuit since the *Sprinkle* decision, district courts have utilized the regional index. *See, e.g., Trump,* 2015 WL 970111, at *3 and n.3 ("This case was filed in the Chicago metropolitan area. The Court finds it appropriate to calculate claimant's attorney's fees using the Chicago-Gary-Kenosha regional CPI-U"); *Adams v Colvin*, No. 14 CV 1680, 2015 WL 1780144, at *2 (N.D. Ind. Apr. 20, 2015) (utilizing the Midwest urban region CPI). As a result, we will utilize the regional index as well. This yields hourly rates between $180.36 and $183.82 depending on the month in which the legal work was performed. We find this rate is in line with the prevailing market rate. The Court also notes that plaintiff has provided the Court with affidavits demonstrating that a cost-of-living adjustment is appropriate in this case. *Sprinkle*, 777 F.3d at 428-29) (noting that "a court may find, it its discretion, a single sworn statement from a claimant's attorney,

4

setting forth the prevailing market rate, to be sufficient in some cases). Accordingly, we adopt the Commissioner's proposed hourly rates.

### B. Reasonableness of Number of Hours

Before calculating the amount to which plaintiff is entitled, we will address the Commissioner's remaining argument regarding the number of hours worked on the case. Plaintiff seeks to recover attorneys fees for approximately 86.1 hours of time (plus .9 hours of work by a legal assistant) worked on the case to date. Under the EAJA, the prevailing party has the burden of proving that the number of hours worked was reasonable. *Large vs. Colvin*, 12 C 50101, 2014 WL 117174, at *2 (N.D. Ill. Jan. 13, 2014). The court should not grant a fee request that is "excessive, redundant, or otherwise unnecessary." *Id. (*citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). "While no precise rule or formula for determining what fees are reasonable exists, courts should avoid engaging in an arbitrary determination of how long a reasonable attorney would spend on certain matters." *Seabron v. Astrue*, 11 C 1078, 2012 WL 1985681, at *1 (N.D. Ill. June 4, 2012).

Here, the Commissioner objects that some of plaintiff's attorney's time entries are excessive. Notably, plaintiff's counsel spent 37.8 hours reviewing the record and an additional 23.2 hours drafting plaintiff's opening brief. We agree with the Commissioner that this amount of time is excessive. *See, e.g., Porter v. Barnhart,* No. 04 C 6009, 2006 WL 1722377, at *3 (N.D. Ill. June 19, 2006) (finding number of hours worked unreasonable where plaintiff's attorneys spent 37.4 hours on reviewing the administrative record and transcript, performing legal research and drafting Porter's motion for summary judgment)*.* Plaintiff argues that the record here was in excess of

5

1,000 pages. We acknowledge that the administrative record in this case was voluminous, however, we still find the number of hours spent reviewing the record here to be excessive. Accordingly, we will reduce the amount of time spent reviewing the record from 37.8 to 20 hours.

After making this adjustment, plaintiff's total hours are reduced to 68.3 hours. This number is in accord with other cases addressing similar EAJA motions in this Circuit. *See, e.g.,Trump*, 2015 WL 970111, at *3 (finding 68 hours is reasonable in case where administrative record exceeded 1,000 pages and claimant's attorney filed a lengthy brief); *Schulten v. Astrue*, No. 08 C 1181, 2010 WL 2135474, at *6 (N.D. Ill. May 28, 2010) (noting that the "permissible range" is "generally" between 40 and 60 hours); *compare Embry v Colvin*, No. 12 C 3685, 2015 WL 4720106, at *5 (N.D. Ill. Aug 4, 2015) (finding 357 hours of time unreasonable). Having determined a reasonable number of hours and the appropriate hourly rate, the Court finds that plaintiff is entitled to $12,627.12. This number is based on the monthly hourly rates that the Commissioner included in its response brief.[2]

**C. Supplemental Fee Request**

At the conclusion of her reply brief, plaintiff adds that her counsel Barry Schultz spent 3.1 hours drafting the EAJA reply brief, which also included reviewing plaintiff's opening brief, reviewing defendant's response, and conducting legal research.

---

[2] Using the Commissioner's monthly rates (which the Commissioner states were obtained from the regional CPI), the Court arrived at the following monthly totals: August, $216.43 (1.2 hours x $180.36); April, $5,790.33 (31.5 hours x $183.82); May, $2,148.47 (11.7 hours x $183.63); July, $3,746.46 (20.4 hours x $183.65); March, $72.75 (.4 hours x $181.87); April, $36.42 (.2 hours x $182.10); June, $109.86 (.6 hours x $183.10); September, $73.20 (.4 hours x $183); October, $91.50 (.5 hours x $183); and December, $256.20 (1.4 hours x $183). The Court also included .9 hours of legal assistant time at an hourly rate of $95 dollars per hour, which amounted to $85.50.

Accordingly, plaintiff seeks to recover for this time as well. The Court will grant plaintiff's request to recover fees for this time. As explained above, the hourly rate for this time should be calculated using the regional CPI, which, according to the Commissioner's brief, is $183 for December of 2015. Adding this to the fees we awarded above brings the total amount to $13,194.42.

### III. Conclusion

For the foregoing reasons, we grant plaintiff's motion for fees under the EAJA and award her $13,194.42 in fees incurred in connection with this litigation.

**ENTERED:**

**Michael T. Mason**
**United States Magistrate Judge**

**Dated: February 19, 2016**